IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ADAM JEDNORAU, | : | |
| | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 5:07-CV-106 (CAR) |
| RODGUEZ SWANSON, LEE MARTIN JACKSON, and TIMADALE TRUCKING, INC., | : : : | |
| | : | |
|    Defendants. | : | |

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS

Currently before the Court are Defendants' Motion for Summary Judgment [Doc. 18], and Defendants' Motion to Dismiss [Doc. 37-4]. In their Motion for Summary Judgment, Defendants contend that Plaintiff's tort claims are barred by the applicable two year statute of limitations. In the alternative, Defendants argue in their Motion to Dismiss that this case must be dismissed pursuant to Georgia's "prior pending action" defense found in O.C.G.A. § 9-2-5(a). Plaintiff filed timely responses to the Motions. For the reasons explained below, both of Defendants' Motions are **DENIED**.

### BACKGROUND

The present case arises out of a collision between two tractor-trailers that occurred on May 8, 2002. The procedural history of this case has been laborious and fraught with delays. Plaintiff originally filed this personal injury action in the State Court of Fulton County, Georgia on September 26, 2003. On February 8, 2004, the case was transferred to the State Court of Coffee County, Georgia, and was assigned to the Honorable Robert H. Preston. At the original pretrial

hearing on March 8, 2005, Judge Preston announced that he was unable to preside over the trial of the case at that particular time due to health reasons.  Thereafter, the case was set for trial nine months later, on December 2, 2005.  When the parties arrived to strike a jury, however, the court did not have sufficient jurors on hand to move forward.  As a result, the trial was delayed again.

The following year, Judge Preston again set the matter for trial to begin on July 10, 2006.  Again, the trial was delayed and assigned a new trial date of September 18, 2006.  As the September 18, 2006 trial date approached, however, Plaintiff's counsel learned that Plaintiff had obtained a job that required him to work overseas, and therefore he was unable to participate in the trial on September 18, 2006.  Plaintiff decided to dismiss the case without prejudice so that the case could be re-filed.  At the pretrial conference on September 14, 2006, Plaintiff's counsel communicated to the state court his intent to dismiss the case without prejudice.

On September 14, 2006, four days before the parties were to strike a jury for trial, Plaintiff's counsel faxed Judge Preston a Dismissal Without Prejudice. That Dismissal was then signed, dated, and filed with the state court clerk ("September 14 Dismissal").  That afternoon, Judge Preston faxed the parties a copy of the September 14 Dismissal bearing the file stamp, date of filing, and signature of the state court clerk, and excusing the parties from court the following week.  The September 14 Dismissal was also entered into the court's docket.

For reasons unknown to the parties and this Court, a second Dismissal Without Prejudice was signed by Judge Preston and dated by hand on September 26, 2006.  This second Dismissal Without Prejudice was also filed and entered into the State Court's docket on September 26, 2006 ("September 26 Dismissal").  The parties received a letter dated September 26, 2006, and signed by Judge Preston in which Judge Preston enclosed the September 26 Dismissal bearing an original red file stamp from the clerk showing that the September 26 Dismissal was filed on September 26,

2006. Thus, the effect is that the state court had on record two original dismissals without prejudice that were both signed, filed, docketed, and mailed to the parties.

After dismissing the case, pursuant to Georgia law O.C.G.A. § 9-2-60, Plaintiff had six months in which to file a renewal action without being barred by the applicable two year statute of limitations. Relying on the September 26 Dismissal to calculate the six month time period in which Plaintiff could renew his action, Plaintiff's counsel calculated that the civil action would need to be re-filed on or before March 26, 2007. Thus, on March 21, 2007, Plaintiff's counsel filed his renewed Complaint in this Court.

Believing the case to be ready for trial, this Court scheduled a trial term for this case to be tried on August 13, 2007. Just prior to the July 27, 2007 pre-trial conference, however, Defendants moved for summary judgment, arguing that this case was barred by the two-year statute of limitations. Defendants argued that the state court case had been dismissed by the September 14 Dismissal, that the September 26 Dismissal was null and void, and by not filing this action by March 14, 2007 (six months from the September 14 Dismissal), Plaintiff's claims were now barred. Defendants' claims were discussed at length by this Court and all parties during the July 27, 2007 pre-trial conference. Plaintiff's counsel stated that he did not discover that there were two dismissals until July 23, 2007, when Defendants filed their Motion. During the pre-trial conference, the Court called and spoke with Judge Preston on the record. Judge Preston communicated his intention to vacate the September 14 Dismissal from the state court's record pursuant to a clerical error.

Based on these issues of state law, this Court stayed the instant action to allow the parties to obtain redress of the issues in the state court system. The parties returned to state court, and Judge Preston, after considering the parties' briefs and holding a hearing on the issue, granted Plaintiff's

motion to vacate the September 14 Dismissal. Judge Preston vacated the September 14 Dismissal *nunc pro tunc* September 14, 2006, pursuant to O.C.G.A. § 9-11-60(g) based on clerical errors, leaving the September 26 Dismissal in place.

Defendants appealed the trial court's order vacating the September 14 Dismissal pursuant to clerical error, arguing that Judge Preston abused his discretion. The Georgia Court of Appeals, however, dismissed the appeal for Defendants' failure to follow the interlocutory appeals procedure. The Court of Appeals stated:

> The substantive effect of vacating the prior dismissal without prejudice [i.e., the September 14 Dismissal] was to reinstate the case. Because the case is pending in the trial court, [Defendants] were required to comply with the interlocutory appeals procedures in O.C.G.A. § 5-6-34(b).

Swanson v. Jednorau, No. A08A0805, slip op. (Ga. Ct. App. Jan. 9, 2008) [Doc. 37-3, Ex. 1-D]. Previously, at the hearing on Plaintiff's motion to vacate, Judge Preston had offered to enter a Certificate of Immediate Review to permit Defendants to comply with the interlocutory appeals procedure. Plaintiff did not object to the entry of a certificate of immediate review. Defendants, however, did not seek such review. After the Court of Appeals dismissed their appeal, Defendants filed a motion for reconsideration which was denied.

The state court remedies having been exhausted, the Motions pending before this Court are now ripe for review.

## DISCUSSION

**MOTION FOR SUMMARY JUDGMENT**

Summary judgment must be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir.1996). In reviewing a motion for summary judgment, the court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party, but the court may not make credibility determinations or weigh the evidence. See id. at 254-55; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097 (2000). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex, 477 U.S. at 323.

If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law. See Fed.R.Civ.P. 56(e); see also Celotex, 477 U.S. at 324-26. This evidence must consist of more than mere conclusory allegations or legal conclusions. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir.1991). Summary judgment must be entered where "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex, 477 U.S. at 323.

Through the motion at bar, Defendants aptly argue that Plaintiff's action in this Court is

barred by the applicable statute of limitations. They skillfully question the validity and effect of Judge Preston's order vacating the September 14 Dismissal based on a clerical error, and poignantly argue that any such order was null and void because the case had previously been dismissed and/or discontinued based either on counsel's announcement of dismissal on September 14, 2006, or when counsel did not appear for trial on September 18, 2006. Whatever merit these arguments may have, however, is not within this Court's authority to determine. Such determination is the function of the Georgia appellate courts.

United States district courts are courts of limited jurisdiction; as such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Under 28 U.S.C. § 1331, district courts are granted original jurisdiction over civil actions arising under federal law. Hence, because of this explicit grant of original jurisdiction, the negative implication is that the districts courts have no appellate jurisdiction to review state court decisions. As a related proposition, 28 U.S.C. § 1257 provides the United States Supreme Court with exclusive jurisdiction to review final judgments rendered by a state's highest court. The reverse implication of this explicit grant (or acknowledgment) of appellate jurisdiction in the Supreme Court divests the district courts of appellate jurisdiction over final state court judgments. See Bates v. Harvey, 518 F.3d 1233 (11th Cir. 2008). Defendants have not cited, and the Court cannot find, any authority giving this Court appellate review power over a state court Order entered pursuant to a valid Georgia statute where the state court has entered a final judgment of dismissal of the case.

This Court is required to give the same full faith and credit to the state court's judgment that other courts in Georgia would give it. "[J]udicial proceedings" of any State "shall have the same

full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738.  Consequently, "a federal court must give to a state-court judgment the same preclusive effect as would be given the judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see also Kremer v. Chemical Construction Corp., 456 U.S. 461, 482 (1982).  "Under the Full Faith and Credit Act, federal courts generally should respect state court judgments, even where erroneous." Lops v. Lops, 140 F.3d 927, 938 (11th Cir. 1998) (citing 28 U.S.C. § 1738; Masushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 373 (1996)).

      This Court must give full faith and credit to the final judgment of dismissal entered on September 26, 2006.  Judge Preston's Order vacating the September 14 Dismissal *nunc pro tunc* is not null and void on its fact as it was entered pursuant to a valid Georgia statute – O.C.G.A. § 9-11-60(g) – for a statutorily enumerated reason – clerical error.  Whether the vacation itself was an abuse of his discretion is not for this Court to determine.  Defendants had the opportunity to appeal such Order to the Georgia Court of Appeals, evidenced by Judge Preston's offer to enter a Certificate of Immediate Review, but Defendants declined such offer and failed to follow the proper interlocutory appeals procedure.  Because the Order vacating the September 14 Dismissal was within the state court's discretion and was not null and void on its face, the result is that the September 26 Dismissal now stands as the only dismissal on record.  Therefore, this Court must give full faith and credit to that final judgment dismissing this case on September 26, 2006.  Thus, September 26, 2006, is the date from which this Court must calculate the applicable statute of limitations.  Because Plaintiff re-filed his action in this Court on March 21, 2007, he filed within the six month renewal date, and his claim is not barred by the statute of limitations.  Defendants Motion for Summary Judgment is therefore DENIED.

**MOTION TO DISMISS**

In their Motion to Dismiss, Defendants argue that Plaintiff's state court action remains pending in the State Court of Coffee County, and therefore the federal action pending in this Court must be dismissed pursuant to the "prior pending action" defense under O.C.G.A. § 9-2-5(a). Under Georgia law, "[n]o plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. . . . If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." O.C.G.A. § 9-2-5(a); see also Astin v. Callahan, 222 Ga. App. 226, 227-8 (1996) (trial court's dismissal of second action pursuant to prior pending action defense upheld where plaintiff, who had filed two virtually identical complaints in different courts at different times, and had dismissed the prior suit after commencement of the second suit).

Defendants point to the Georgia Court of Appeals Order dismissing Defendants' appeal as evidence that Plaintiff's state court case remains pending. The Georgia Court of Appeals Order states:

> The substantive effect of vacating the prior dismissal without prejudice [i.e., the September 14 Dismissal] was to reinstate the case. *Because the case is pending in the trial court*, [Defendants] were required to comply with the interlocutory appeals procedure in O.C.G.A. 5-6-34(b).

Swanson v. Jednorau, No. A08A0805, slip op. (Ga. Ct. App. Jan. 9, 2008) [Doc. 37-3, Ex. 1-D]. (emphasis added). Defendants claim that because the Court of Appeals declared that the state case was still pending, this federal case must be dismissed. Defendants' argument, however, is without merit.

When Plaintiff filed the action in this Court, the state court case had long been dismissed. It was with this Court's consent that the parties returned to state court to clarify state law issues

8

regarding the validity of the two dismissals.  At the time the Georgia Court of Appeals rendered its decision, the state court case had been reinstated and remained "pending" for appellate purposes to determine which judgment of dismissal was valid.  Thus, for purposes of appealing the Order vacating the September 14 Dismissal, there was no clear "final judgment" under O.C.G.A. § 5-6-34(a)(1) entitling Defendants to take a direct appeal.  However, once the appeal was dismissed, the Order is presumed valid, and the September 26 Dismissal became the final judgment.  Judge Preston entered that Order *"Nunc Pro Tunc* September 14, 2006."  In Latin, *nunc pro tunc* literally means "now for then," and is defined as "[h]aving retroactive legal effect through a court's inherent power."  *Black's Law Dictionary*, p. 1100.  A *nunc pro tunc* filing is "an entry made now of something actually previously done to have effect of [the] former date."  Coleman v. Grimes, 250 Ga. App. 880, 890 (2001) (internal quotation marks and citation omitted).  Thus, Judge Preston's Order vacating the September 14 Dismissal was legally effective on September 14, 2006, prior to the filing of the federal action in this Court.  Therefore, the state court case is not now pending, nor has it ever been simultaneously pending with this federal case.  Thus, the "prior pending action" defense in inapplicable to this case.   Defendants' Motion to Dismiss is therefore DENIED.

## CONCLUSION

For the reasons expressed above, Defendants' Motion for Summary Judgment [Doc. 18] and Defendants' Motion to Dismiss [Doc. 37-4] are hereby **DENIED**.

SO ORDERED this 27th day of July, 2009.


                                     S/ C. Ashley Royal
                                     C. ASHLEY ROYAL
                                     United States District Judge

SSH